Matter of Government Employees Ins. Co. v Bar-El (2024 NY Slip Op 04555)

Matter of Government Employees Ins. Co. v Bar-El

2024 NY Slip Op 04555

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2023-05321
 (Index No. 503812/23)

[*1]In the Matter of Government Employees Insurance Company, petitioner-respondent, 
v
Rod Bar-El, respondent, J.B. Hunt Transport, Inc., appellant.

Rawle & Henderson LLP, New York, NY (Brett Kanter of counsel), for appellant.
Katie A. Walsh, Hicksville, NY (Andrew Weber of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, J.B. Hunt Transport, Inc., appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 13, 2023. The order, insofar as appealed from, upon granting that branch of the petition which was to temporarily stay arbitration pending a framed-issue hearing on the issues of whether the offending vehicle was uninsured and used with permission, directed that the framed-issue hearing also would be conducted on the issues of "whether the vehicle was stolen at the time of the incident; whether there were any scheduled dispatches for the vehicle and who had possession of the vehicle prior to the time of the incident and all other issues raised in the papers by any party."
ORDERED that the appeal is dismissed, with costs.
The appeal must be dismissed as no appeal lies as of right from so much of the order as directed that a framed-issue hearing would be conducted on the issues of whether the vehicle was stolen at the time of the incident, whether there were any scheduled dispatches for the vehicle and who had possession of the vehicle prior to the time of the incident, and all other issues raised in the papers by any party (see GMAC Mtge., LLC v Yun, 206 AD3d 796; Matter of American Intl. Ins. Co. of N.J. v Cappellini, 6 AD3d 529), and leave to appeal has not been granted.
DUFFY, J.P., CONNOLLY, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court